1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Candiece Shields,                    )   No. CV-09-1973-PHX-FJM
                                          )
10             Plaintiff,                 )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Michael J. Astrue, Commissioner of Social )
13  Security Administration,              )
                                          )
14             Defendant.                 )
                                          )
15  _____ )

16

17          Plaintiff filed an application for disability insurance benefits and supplemental

18  security income benefits on November 4, 2003 and June 27, 2005, respectively, based upon

19  a disability onset date of October 1, 2002.  The claims were denied initially and upon

20  reconsideration.  Following a hearing on January 16, 2007, the administrative law judge

21  ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the

22  Social Security Act, and denying benefits.  That decision became the final decision of the

23  Commissioner when the Appeals Council denied plaintiff's request for review.  Plaintiff then

24  filed this action for judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. §

25  1383(c)(3).  We have before us plaintiff's opening brief (doc. 20), defendant's answering

26  brief (doc 21), and plaintiff's reply brief (doc. 27).

27                                      **I**

28          A district court may set aside a denial of benefits "only if it is not supported by

1  substantial evidence or if it is based on legal error." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954

2  (9th Cir. 2002).  Substantial evidence is "relevant evidence which, considering the record as

3  a whole, a reasonable person might accept as adequate to support a conclusion.  Where the

4  evidence is susceptible to more than one rational interpretation, one of which supports the

5  ALJ's decision, the ALJ's conclusion must be upheld." <u>Id.</u> (citation omitted).

6       The ALJ found that plaintiff had severe impairments when considered in combination,

7  including fibromyalgia, chronic muscle spasms, fatigue, cramps, obesity, recurrent major

8  depression, an adjustment disorder with mixed emotional features, an anxiety disorder with

9  panic attacks, a borderline personality disorder with mixed emotional features, and a history

10 of alcohol abuse in remission.  <u>Tr.</u> 29.  The ALJ concluded that plaintiff has the residual

11 functional capacity to perform unskilled light work with postural restrictions that prohibit

12 crawling, crouching, climbing, squatting, or kneeling, and no use of her lower extremities for

13 pushing or pulling, no use of her upper extremities for work above the shoulder level, and

14 no requirement that she interact with the public.  <u>Tr.</u> 29.  The ALJ further found that plaintiff

15 cannot return to her past relevant work as concierge, marketing director, or sales person, but

16 that she can perform other jobs existing in significant numbers in the national economy,

17 including light janitor, housekeeper, and dishwasher.  <u>Tr.</u> 33-34.  Accordingly, the ALJ

18 concluded that plaintiff is not disabled within the meaning of the Social Security Act. <u>Tr.</u> 34.

19      Plaintiff challenges the ALJ's decision, arguing that he improperly discredited her

20 subjective complaints of disabling limitations, and improperly discounted the opinions of her

21 treating physicians, Drs. Silverman and Treat.  Plaintiff urges that we remand for an award

22 of benefits.

23                                    **II**

24      Plaintiff first argues that the ALJ erred in discounting her subjective complaints of

25 disabling limitations.  Unless there is affirmative evidence showing that the claimant is

26 malingering, the ALJ may reject the claimant's testimony only "by making specific findings

27 as to credibility and stating clear and convincing reasons for each." <u>Robbins v. Soc. Sec.</u>

28 <u>Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006).  General findings are not sufficient.  Instead, the

1   ALJ must "identify what testimony is not credible and what evidence undermines the
2   claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

3         Plaintiff testified that she could not work because of exhaustion, anxiety, depression,
4   and pain from fibromyalgia. Tr. 832. She testified that because of her anxiety she is unable
5   to leave the house twice a week on average. Tr. 833-34. She testified that when she runs out
6   of medication she becomes suicidal and hurts herself. Tr. 834-35.

7         The ALJ broadly concluded that plaintiff's allegations of disabling symptoms "are not
8   supported by her statements concerning her activities of daily living or by the medical
9   evidence considered as a whole." Tr. 30. However, the ALJ did not discuss plaintiff's daily
10  activities in his decision, or specify how those activities are incompatible with her subjective
11  testimony. While the record shows that, among other things, plaintiff reported to her
12  psychiatrist that she was setting up her own small antiques business and that she volunteered
13  at an animal rescue center, Tr. 310, 344, 348, we are constrained to review the ALJ's
14  decision based on the reasoning and factual findings offered by the ALJ. Bray v. Comm'r
15  of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009).

16        The ALJ also failed to specify what medical evidence was contrary to plaintiff's
17  symptom testimony. The ALJ stated that "the medical evidence shows the claimant has
18  exaggerated her pain and other symptoms," Tr. 30, but there is no specific reference to the
19  record to support this statement. The record indicates that at least one state reviewing
20  physician concluded that plaintiff's reported symptoms were not fully credible, Tr. 321, but
21  without the ALJ's express reference to this opinion, it cannot serve to support the ALJ's
22  credibility determination. The ALJ's failure to support the rejection of plaintiff's subjective
23  symptoms with specific findings warrants remand.

24  ### III

25        Plaintiff also contends that the ALJ erred in rejecting the opinions of treating
26  physicians Gary Silverman, a rheumatologist who treated plaintiff for fibromyalgia and
27  opined that plaintiff is unable to work, with a poor prognosis, Tr. 430, 632-34, 679-80, and
28  Dane Treat, a primary care physician who treated plaintiff for fibromyalgia and depression

1   and assessed exertional limitations that would preclude full-time work.  Tr. 676-78.

2        An ALJ must provide clear and convincing reasons for rejecting an uncontradicted

3   opinion of a treating physician.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Even if

4   contradicted by another medical source, the Commissioner can only reject a treating

5   physician's opinion by articulating "specific and legitimate reasons supported by substantial

6   evidence in the record."  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

7        Here, Drs. Silverman and Treat's opinions are inconsistent with the opinion of the

8   state agency examining and reviewing physicians Malcolm McPhee, Tr. 246-48, and Barton

9   Butterbaugh, Tr. 447-48, who both opined that plaintiff's functional limitations do not

10  preclude full-time work.  Thus, the ALJ was required to provide specific, legitimate reasons

11  supported by substantial evidence in the record before rejecting Drs. Silverman and Treat's

12  opinions.  See Lester, 81 F.3d at 830.  The only reason the ALJ offered for rejecting the

13  treating physicians' opinions was because "they appear to be mere adoptions of the

14  claimant's subjective allegations."  Tr. 33.  This, by itself, is insufficient to reject the

15  opinions, particularly given our conclusion that the ALJ's credibility assessment is not

16  sufficiently supported by specific findings.

17       The ALJ also broadly stated that "[m]ost treating and examining sources have

18  determined that the claimant could either perform unskilled light or medium work with

19  restrictions."  Tr. 31.  But without an express reference to the record, this does not constitute

20  a specific, legitimate reason to reject the treating physicians' assessments.

21       We hold that the ALJ failed to provide adequate reasons for rejecting the treating

22  physicians' opinions.  Because the record may contain evidence to provide the requisite

23  specific and legitimate reasons to support the ALJ's determinations, a remand for further

24  proceedings is required before a disability determination can be made.

25

26

27

28

**IV**

IT IS ORDERED REVERSING the decision of the ALJ, and REMANDING this case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further consideration in accordance with this order.  The clerk shall enter final judgment.

DATED this 2nd day of March, 2011.


_Frederick J. Martone_
Frederick J. Martone
United States District Judge