**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candiece Shields,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-09-1973-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA") (doc. 30) and memorandum in support (doc. 31), defendant's response (doc. 33), and plaintiff's reply (doc. 36).

On March 2, 2011, we held that the ALJ's decision denying disability benefits was not supported by sufficient findings and remanded the case for further administrative proceedings (doc. 28). Plaintiff then filed this timely motion for attorney's fees under the EAJA for 25.5 hours[1] of work performed from July 2009 through April 2011, in the amount of $4,461.21, with a requested enhancement to $7,011.21.

---

[1] Plaintiff's reply suggests reimbursement for 31.9 hours of attorney time. In light of plaintiff's other filings related to this motion, all indicating 25.5 hours, we assume the reference in the reply is an error.

1   The EAJA provides for an award of attorney's fees to a prevailing party unless
2   government's position in defending the case was substantially justified. Id. § 2412(d)(1)(A).
3   The Commissioner does not contest the propriety of a fee award or the number of hours
4   sought to be reimbursed. The Commissioner argues, however, that the enhanced hourly rate
5   is not justified.

6   The EAJA generally provides that attorney's fees are limited to $125 an hour "unless
7   the court determines that an increase in the cost of living or a special factor, such as the
8   limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."
9   Id. § 2412(d)(2)(A). The Commissioner agrees that a cost-of-living adjustment to $172.24
10  an hour for work performed in 2009 and $175.06 an hour for work performed in 2010 and
11  2011 is appropriate. He objects, however, to plaintiff's request for a fee enhancement of an
12  additional $100 per hour.

13  In order to establish entitlement to an enhanced fee under the EAJA, plaintiff must
14  show that her attorney (1) possesses a distinctive knowledge and specialized skill, (2) that
15  was necessary to the litigation in question, and (3) was not available elsewhere at the
16  statutory rate. Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009). It is generally held
17  that a social security practice does not involve a "specialized skill" sufficient to warrant an
18  enhanced rate. See, e.g., Raines v. Shalala, 44 F.3d 1355, 1361 (7th Cir. 1995); Stockton v.
19  Shalala, 36 F.3d 49, 50 (8th Cir. 1994); cf. Pirus v. Bowen, 869 F.2d 536, 542 (9th Cir. 1989)
20  (allowing an enhanced fee in a social security class action lawsuit, but noting that it "was no
21  routine disability case"). Moreover, the particular case must require some "specialized skill"
22  or "distinctive knowledge" that is not available elsewhere at the statutory rate. This was a
23  routine social security disability case that did not involve complex issues requiring a
24  specialized knowledge or skill. Plaintiff has made no showing that qualified counsel was not
25  otherwise available. We conclude that, while plaintiff is entitled to a cost-of-living
26  adjustment to the statutory hourly rate, she has failed to carry her burden of establishing that
27  she is entitled to a special factor enhancement.

28  Therefore, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART**

plaintiff's motion for an award of attorney's fees (doc. 30). We grant plaintiff attorney's fees in the amount of $4,461.21.

DATED this 22nd day of August, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge